In the Matter of HERBERT MILDNER, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.

Second Department, January 28, 1974.

Solomon A. Klein (Nicholas C. Cooper of counsel), petitioner in person.

Henry A. Drescher for respondent.

Per Curiam. The respondent was admitted to the Bar on June 11, 1959, at a term of the Appellate Division of the Supreme Court in the Third Judicial Department. The petition sets forth three charges of professional misconduct against the respondent. The Justice of the Supreme Court to whom the issues were referred has submitted his report to this court in which he concludes that none of the charges have been sustained. The petitioner now moves to disaffirm the report and, implicitly, for a finding that all three charges have been sustained. The respondent has submitted a brief, in which he states he cross-moves to confirm the report.

Charge One alleges, in essence, that the respondent induced a personal friend to entrust him with $17,430 on the pretext that that money would thereby be protected from any claims by her husband in a pending divorce action and that, through various means, the respondent wrongfully converted the money to his own use.

Charge Two alleges that the respondent attempted to impede and obstruct the judicial inquiry in its investigation into his conduct, by attempting to persuade the above-mentioned friend not to co-operate with the judicial inquiry, by inducing her to give a false statement of facts bearing upon the investigation, by executing certain backdated promissory notes and a false affidavit in an effort to deceive the judicial inquiry and by refusing to turn over certain physical evidence requested by the judicial inquiry.

Charge Three is that the respondent knowingly gave false testimony to the judicial inquiry.

In our opinion, contrary to the report, all three charges are fully sustained by the proof. Accordingly, the petitioner's motion to disaffirm the report is granted and the respondent's cross motion to confirm the report is denied.

In view of all the circumstances indicated by the record and considering the respondent's evident lack of candor and contrition, it is our opinion that suspension from the practice of law for a period of three years would be a suitable and appropriate discipline to be imposed upon the respondent. Accordingly, the respondent is suspended from the practice of law for a period of three years, commencing March 1, 1974.

GULOTTA, P. J., LATHAM, SHAPIRO, BRENNAN and MUNDER, JJ., concur.